

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EN:AH  *271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 17, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Brian Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>United States v. Abram Morduhaev</u>
           <u>Criminal Docket No. 07-606 (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this letter in response to the defendant's letter dated July 12, 2012 seeking the return of his brother Gabriel Morduhaev's passport. The defendant states that Gabriel Morduhaev requires his passport for a "meeting . . . with the Social Security Administration so he can obtain a social security number." Defendant's Letter dated July 12, 2012 ("Def.'s Ltr.").

      On February 15, 2008, the defendant Abram Morduhaev pled guilty to conspiracy to sell counterfeit United States currency in violation of Title 18, United States Code, Section 473. The defendant participated in the conspiracy with his father, Arkadi Morduhaev, who was also charged but fled to Israel shortly after the defendant's arrest and remains a fugitive.

      Prior to pleading guilty, on August 9, 2007, the defendant was released on a $250,000 bond signed by four sureties, including his mother Marina Morduhaev and his brother Gabriel Morduhaev. As a condition of the defendant's bail, the defendant's mother and brother surrendered their passports to Pretrial Services. The defendant has remained on bond since August 9, 2007 and, despite having pled guilty on February 15, 2008, the defendant has not yet been sentenced primarily because he was diagnosed with a rare form of bone cancer and was undergoing treatment. The defendant's health is now stable and he is scheduled to be sentenced on August 3, 2012.

2

      Although the government may be willing consent to the return of Gabriel Morduhaev's passport for a limited period of time in order to allow him to provide documentation to the Social Security Administration, further information is needed before such consent would be given.  For example, the defendant has not provided any information regarding when the meeting will take place, how long the passport will be needed, and when the passport can be returned to Pretrial Services.  The undersigned has communicated with defense counsel, who has agreed to provide such information.  In addition, defense counsel also informed the undersigned that the issue may be moot if Gabriel Morduhaev's appointment with the Social Security Administration is after the defendant's sentencing, at which time the suretors' passports can be returned.  In the event defense counsel seeks a return of Gabriel Morduhaev's passport prior to the defendant's sentencing and provides the requested information to the government, the government will consider consenting to Gabriel Morduhaev retrieving his passport for a limited period of time.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                          By:   __/s/_____
                                Amanda Hector
                                Assistant United States Attorney
                                (718) 254-6212

cc:   Steven Brounstein, Esq. (By ECF)